UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

SATA GmbH & Co. KG,

        Plaintiff

v.

Taizhou Tool-Bar Machinery Co., Ltd.,

        Defendant

Case No. 2:24-cv-02069-CDS-DJA

**Order Granting Defendant's Motion to Dismiss**

[ECF No. 9]

    Plaintiff SATA GmbH & Co. KH ("SATA") brings this action against defendant Taizhou Tool-Bar Machinery Co., Ltd. ("TUBA") alleging claims of (1) trademark infringement in violation of 15 U.S.C. § 1114, (2) false designation of origin/unfair competition in violation of 15 U.S.C. § 1125, and (3) trademark infringement and unfair competition in violation of Nevada common law. *See* Compl., ECF No. 1. Currently pending before the court is TUBA's motion to dismiss. Mot., ECF No. 9.[1] For the following reasons, I grant TUBA's motion without prejudice.

**I.    Background**

    SATA is a manufacturer of paint spray guns and related equipment used primarily to paint automobiles. ECF No. 1 at ¶ 14. It is a well-known producer of paint spray guns and sells annually in excess of 5,000,000 paint spray guns and paint spray gun reservoirs. *Id.* at ¶¶ 16, 19. TUBA is also a major manufacturer of high-end paint spray guns. ECF No. 9 at 2. SATA owns approximately one hundred trademark registrations in connection with its products. ECF No. 1 at ¶ 23. The mark at issue here is U.S. Trademark Registration No. 2,793,583 ('583 Mark), which is a "design mark for a band of [any] color extended around the circumference of a paint spray gun air cap ring, the color band being narrower than the air cap ring and a color that contrasts with the air cap ring, covering 'paint spray guns.'" *Id.* (addition in original); *see* '583 Mark, Pl.'s

---

[1] This motion is fully briefed. *See* Opp'n, ECF No. 16; Reply, ECF No. 17.

Ex. A, ECF No. 1-1 at 2. For ease, I refer to this mark as the "air separator band." SATA asserts that this mark is used to identify its paint spray guns. *Id.* at ¶ 24.

SATA alleges that on November 5, 2024, at the SEMA trade show in Las Vegas, Nevada, it learned that TUBA was advertising and selling four paint spray gun models whose design infringed upon the '583 Mark. *Id.* at ¶¶ 27, 28. SATA further alleges that TUBA has notice of SATA's intellectual property rights because SATA and TUBA had an intellectual property dispute regarding the '583 Mark back in 2016 related to a trade show in Germany. *Id.* at ¶ 31. According to SATA, the dispute resolved when TUBA's property that allegedly infringed on SATA's intellectual property rights was "removed" by the German custom services. *Id.*

## II.     Legal standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. Discussion

As stated above, SATA brings claims of (1) trademark infringement in violation of 15 U.S.C. § 1114, (2) false designation of origin/unfair competition in violation of 15 U.S.C. § 1125, and (3) trademark infringement and unfair competition in violation of Nevada common law. *See generally* ECF No. 1. I address each claim in turn.

#### A. Federal law trade dress infringement claim[2]

"A product's 'trade dress' is its total image and overall appearance; it includes 'features such as size, shape, color, color combinations, texture, or graphics.'" *Kendall-Jackson Winery Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1044 n.2 (9th Cir. 1998) (quoting *Vision Sports Inc. v. Melville Corp.*, 888 F.2d 609, 613 (9th Cir. 1989)). To adequately plead a trade dress infringement claim, SATA must plead (1) its claimed dress is nonfunctional; (2) its claimed dress serves a source-identifying role either because it is inherently distinctive or has acquired secondary meaning; and (3) that the defendant's product or service creates a likelihood of consumer confusion. *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001). When evaluating a trade dress

---

[2] Confusingly, plaintiffs and defendants switch off between using trade dress infringement and trademark infringement. *Compare* ECF No. 1 (alleging trademark infringement and common law trademark claims), *with* ECF No. 9 (defendants using trademark and trade dress interchangeably), *and* ECF No. 16 at 4 (plaintiff arguing it properly alleged a claim for trade dress infringement). Given that the question before me is whether two air separator bands have an overall appearance that is similar, I find that it is most appropriate to analyze these infringement claims as trade dress, not trademark, infringement.

claim, "it is crucial that [courts] focus *not* on the individual elements, but rather on the overall visual impression that the combination and arrangement of those elements create." *Id.* at 1259 (emphasis in original).

TUBA does not dispute that SATA has adequately pled the first two elements. ECF No. 17 at 3. However, TUBA argues that SATA has not adequately pled the likelihood of confusion element. *Id.* "The test for likelihood of confusion is whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 935 (9th Cir. 2015). A reasonably prudent consumer is one who "exercise[s] ordinary caution," and that caution presumably increases where a buyer exercises "care and precision in their purchases, such as for expensive or sophisticated items." *Id.* at 937. The "default degree of consumer care is becoming more heightened as the novelty of the Internet evaporates and online commerce becomes commonplace." *Id.* The confusion must be a probability, not simply a possibility. *Murray v. Cable NBC*, 86 F.3d 858, 860 (9th Cir. 1996).

Typically, the "likelihood of consumer confusion" question is a primarily factual determination that many courts have held is not appropriate to determine at the motion to dismiss stage. *See, e.g., Lucent Techs., Inc. v. Johnson*, 2000 U.S. Dist. LEXIS 16002, at *2 (C.D. Cal. Sept. 12, 2000) ("[T]he likelihood of confusion inquiry is a fact-intensive evaluation ill-suited for disposition on a motion to dismiss."). However, when trade dresses are so different, a defendant can prevail on a motion to dismiss. *See Mintz v. Subaru of Am., Inc.*, 716 F. App'x 618, 620–21 (9th Cir. 2017) ("Likelihood of confusion can be determined at the pleading stage where the parties have obviously dissimilar marks."); *see also Brookfield Communs., Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999) ("Where the two marks are entirely dissimilar, there is no likelihood of confusion.").

TUBA argues that there is no likelihood confusion because its air separator band "falls outside the description of Plaintiff's trade dress." ECF No. 9 at 6.[3] First, TUBA asserts that its use of a "black band *behind* the cap ring of the spray gun cannot infringe the '538 registration which specifies the position of the band being *in front* of the cap ring." *Id.* (emphasis in brief). It also points out that its band is on the paint spray gun body itself and is not, as SATA's is, "extended around the circumference of a paint spray gun air cap ring . . . ." *Id.* at 7 (citing ECF No. 1 at ¶ 20). Lastly, TUBA avers that SATA has failed to state a claim because TUBA uses a black band behind the cap ring, but SATA uses a band of color. *Id.* at 9.

In response, SATA asserts that TUBA's argument that its air separator band cannot be infringed because it falls outside of the trade dress is a "wholly unsupported legal theory" and must be denied. ECF No. 16 at 11. It argues that it is improper for TUBA to separate out each individual element of the trade dress because, when assessing the likelihood of confusion, "the issue is not whether defendant's [use] of trade dress is identical to plaintiff's in each and every particular [but] it is the similarity of the total, overall impression that is to be tested." *Id.* (quoting *Franco Am. Corp. v. Kim Seng Co.*, 2011 WL 13220407, at *5 (C.D. Cal., June 6, 2011)).

In determining the likelihood of confusion at the motion to dismiss stage, I must consider whether SATA has stated a plausible claim that consumers would be confused by TUBA's use of a substantially similar air separator band to SATA's '538 Mark. *See* '583 Mark, Pl.'s Ex. A, ECF No. 1-1 at 2. If the trade dresses are "obviously dissimilar" then the motion to dismiss must be granted. *See Mintz*, 716 F. App'x at 620–21.

---

[3] TUBA also asks that I adopt the Sixth Circuit's analysis for likelihood of confusion where the court preliminarily asks "whether the defendants are using the challenged mark in a way that identifies the source of their goods. If they are not, then the mark is being used in a non-trademark way and trademark infringement laws . . . do not even apply." ECF No. 9 at 4 (citing *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 610 (6th Cir. 2009); *Interactive Prods. Corp. v. a2z Mobile Off. Sols., Inc.*, 326 F.3d 687, 695 (6th Cir. 2003); and *Rupp v. Courier-Journal, Inc.*, 839 F. App'x 1003, 1006 (6th Cir. 2021)). However, given that the Ninth Circuit has not yet adopted this analysis, I decline to employ it at this time.

To demonstrate that TUBA is infringing on SATA's trade dress, SATA relies exclusively on the description of the trade dress and photos of TUBA's products that allegedly infringe on the '538 Mark. *See generally* ECF No. 1. The complaint does not provide a photo of SATA's own product for comparison, nor does the complaint allege additional facts demonstrating how TUBA's product is so similar to SATA's that it infringes on the '538 Mark and is likely to confuse consumers. *Compare Monster Energy Co. v. Beast Cookie Co., LLC*, 2023 U.S. Dist. LEXIS 105544, at *12 (C.D. Cal. June 15, 2023) (determining that the plaintiff pled sufficient facts to survive a motion to dismiss on the likelihood of confusion element when it included photographs of the arguably similar trade dresses and an explanation of the prominent color schemes on the products, packaging, and marketing materials of both parties), *and Mosaic Brands, Inc. v. Ridge Wallet LLC*, U.S. Dist. LEXIS 50851, at *5 (C.D. Ca. Jan. 7, 2021) (denying a motion to dismiss a trade dress infringement claim where complaint included side-by-side photos of the products), *with* ECF No. 1 (no side-by-side photographs or explanations of how the products are similar). Given that I cannot even compare the two products without going outside the four corners of the complaint, I am left with the complaint's conclusion that TUBA's product is "likely to: (A) confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of TUBA and SATA[.]" ECF No. 1 at ¶ 35. Without more, this is merely a legal conclusion that cannot survive a motion to dismiss. *See Gonzalez v. Cnty. of Santa Barbara*, 2024 U.S. Dist. LEXIS 243305, at *5 (C.D. Cal. Dec. 19, 2024) ("'[A] court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Iqbal*, 556 U.S. at 678)). TUBA's motion to dismiss the federal trademark/trade dress infringement claim is granted. The claim is dismissed without prejudice.

### B. Federal false designation of origin/unfair competition claim

SATA next alleges that TUBA has acted in violation of 15 U.S.C. § 1125(a) under a theory of false designation of origin. *See* ECF No. 1 at ¶¶ 41–45. A party is liable for false designation of origin when it:

> uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which
>
> (a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person[.]

15 U.S.C. § 1125. The Ninth Circuit has held that a claim for false designation of origin is subject to the same legal test as trademark/trade dress infringement. *See Slep-Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1249 (9th Cir. 2017) ("Both legal theories share a common inquiry: '[w]hether we call the violation infringement, unfair competition or false designation of origin, the test is identical—is there a 'likelihood of confusion?'" (quoting *New W. Corp. v. NYM Co. of Cal.*, 595 F.2d 1194, 1201 (9th Cir. 1979))). For the same reasons described in the trade dress infringement section regarding the lack of likelihood of confusion to consumers, *supra* pp. 5–6, this claim of false designation of origin cannot survive a motion to dismiss. SATA has not adequately pled that TUBA's air separator band is likely to cause consumer confusion. Accordingly, TUBA's motion to dismiss this cause of action is granted without prejudice.

### C. Common law trade dress infringement and unfair competition claim

SATA's third cause of action suffers the same defect as the first two: it has not adequately pled that TUBA's air separator band is likely to confuse consumers. SATA brings its trade-dress claim under Nevada common law. The Supreme Court of Nevada has not recognized a common-law trade dress claim or articulated a standard for such a claim. However, both parties have analyzed the claim using the federal trademark infringement standard. *See* ECF No. 9 at 9; ECF No. 16 at 12. Because the Supreme Court of Nevada has looked to federal law to guide its

7

common-law trademark-infringement analysis, other courts in this district have predicted that it will do the same when addressing trade-dress claims. *See Evig* 2023 U.S. Dist. LEXIS 105544, *LLC v. Mister Brightside, LLC*, 732 F. Supp. 3d 1305, 1313 (D. Nev. 2024). I agree. Therefore, to survive a motion to dismiss on these claims, SATA must have adequately pled a likelihood of confusion. For the reasons explained above, SATA failed to do so. Therefore, these common law claims are dismissed without prejudice.

### D. Leave to amend

TUBA's motion to dismiss is granted in its entirety. When a court grants a motion to dismiss, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto*, 957 F.2d at 658. Because it is not clear from the complaint that the deficiencies cannot be cured, the complaint is dismissed without prejudice and with leave to amend.

## IV. Conclusion

IT IS THEREFORE ORDERED that TUBA's motion to dismiss **[ECF No. 9] is GRANTED.**

IT IS FURTHER ORDERED that SATA's complaint **[ECF No. 1] is dismissed without prejudice and with leave to amend.** If SATA chooses to file an amended complaint curing the deficiencies of its complaint, it must do so by **June 26, 2025.**

Dated: June 12, 2025

_____
Cristina D. Silva
United States District Judge